CHRISTIE, Justice:
The only issue before this Court on appeal is whether or not a certified school teacher is entitled to credit toward tenure status for time spent in employment within the school system in a position which was partially subsidized by federal funds. The issue is governed by a statute which provides that those in such federally funded employment “shall not be covered by Chapter 14 of this title” [the Delaware tenure statute]. We hold that the teacher/appel-lee acquired no tenure eligibility credits while employed in the federally funded job, and, thus, appellee had not attained tenure status when he was summarily dismissed by the appellant school board.
During the school years 1978-79, 1979-80, and 1980-81, appellee, Fred J. Savino, was employed by appellant, Vo-Tech School District, in a special education program which the district was conducting at the Delaware State Hospital. .During each of those three school years, the special program was financed, in part, by State funds and, in part, by federal funds. During each such year his employment was subject *1243 to a statutory provision which stated: “Personnel employed pursuant to this section shall not be covered by Chapter 14 of this title.” [The tenure statute which provides, in effect, that certified teachers shall have tenure after three years of State employment in this State (14 Del.C. § 1401, 1403).] 61 Del.Laws, c. 409, § 409 (1979); UDel.C. § 1717.
Thereafter, the school board gave appel-lee notice that he would not be re-employed in the special education program for the school year 1981-82. Appellant was subsequently able, however, to obtain employment as a schoolroom teacher with the same school board. He then proceeded to serve as a special education teacher in Del-castle Technical High School for the school years 1981-82 and 1982-83. During those two school years, he was paid entirely from State and local funds, and his position clearly was not subject to the limitations pertaining to tenure eligibility contained in 14 Del. C. § 1717.
At the end of the 1982-83 school year, he was summarily informed by the school board that his contract would not be renewed, and that his employment would terminate on June 30, 1983.
Appellant contended that he had earned tenure by virtue of more than three years of employment within the school system and, that, as a tenured teacher, he was not subject to such form of dismissal. The school board, in effect, admitted that his dismissal would not meet statutory requirements for tenured teachers, as set forth in 14 Del.C, c. 14, but the board went on to hold that appellant was not a tenured teacher because he had served only two years in positions covered by the tenure statute.
On appeal, the Superior Court reversed the administrative • decision of the school board and ruled that appellant had “completed 3 years of service in the State, 2 years of which shall be in the employ of the terminating board” (as required for tenure under the provisions of 14 Del.C. § 1403). The Superior Court attempted to avoid the thrust of the restrictions contained in 14 Del.C. § 1717 by indicating:
(a) Since the employer was not in employment which was under the restrictions of that section at the time his employment was terminated and had otherwise met tenure eligibility requirements, he was not excluded from tenure coverage under the provisions of § 1717, and
(b) The probable purpose of § 1717 is to exclude teachers who are paid with federal funds from coverage because of the uncertainty of continued federal funding, and such purpose would not be served by denying tenure to appellant since he was not being paid from federal funds at the time his contract was not renewed.
Under the ruling’ of Superior Court, any otherwise eligible teacher could acquire tenure status after three years, even though his position was federally funded (and, therefore, “not covered”) during the first two years of his employment. Under this theory, the only restriction imposed by the broad language of § 1717 would be that the teacher must be in a covered position at the time the employment was actually terminated.
We are of the opinion that Superior Court misinterpreted the provisions of § 1717. We think that § 1717, which provides that personnel employed in programs receiving federal funding “shall not be covered by Chapter 14 [the tenure law] of this title,” must be interpreted as providing that personnel employed in positions not covered by the tenure law simply acquire no tenure eligibility rights while so employed. In short, we are of the opinion that personnel in federally funded teaching positions are precluded by § 1717 from counting any such employment toward any tenure eligibilty requirements.
If the intent of the statute had been to allow teachers to claim credit for all time spent in federally funded positions up until the third year, the language used in § 1717 was particularly inappropriate.
*1244 We think the ruling made in Superior Court would impose limitations on the scope of the language of § 1717 without any legislative justification for such limitations. We do not agree with the attempt to justify a limitation on the scope of the statute when such limitation is merely based on a supposition as to the purposes of the statute.
We think the clear and unambiguous language of § 1717 needs no rationalization to justify its uniform application to all years of federally funded employment. However, if we were called upon to rationalize our ruling that the statute must be uniformly applied, we would point out that if those holding federally funded positions could acquire two years’ credit toward tenure even while they held a position not covered by the tenure laws, temporary federal programs would impose an increased and undesirable limitation on school funding and hiring practices which would outlive such funding. We think it is logical to assume that § 1717 was designed to limit the repercussions which might result from withdrawal of federal funds and to give the school boards a free hand in the selection, retention or dismissal of persons who may have previously filled federally funded positions.
In any event, the General Assembly was free to grant or withhold tenure rights to those holding federally funded positions or to grant limited tenure rights to such persons. We think it is clear that the General Assembly chose to withhold such rights altogether. The courts are not free to grant that which the General Assembly has seen fit to withhold.
Appellee cites cases from other jurisdictions where teachers have been allowed to count time in federally funded educational positions as a part of their employment entitling them to tenure status under the applicable state statutes. See Commonwealth, Dept. of Education v. Jersey Shore Area School District, 481 Pa. 356, 392 A.2d 1331 (1978); Spiewak v. Board of Education of Rutherford, et al., 90 N.J. 63, 447 A.2d 140 (1982). These cases, however, deal with the status of teachers holding various positions (which happened to have been federally funded) where there was no statute indicating that those holding federally funded positions were not covered by the tenure statute. Nothing in this decision is inconsistent with such rulings.
The decision of the Superior Court is REVERSED.